Clarence H. RIDENOUR,
Plaintiff-Appellee,

v.

UNITED MERCHANTS & MANUFAC-
TURERS, INC. and Furtex United
Merchants Division, Defendants-Ap-
pellants,

No. 74–2159.

United States Court of Appeals,
Sixth Circuit.

April 24, 1975.

John W. Wheeler, Hodges, Doughty & Carson, Knoxville, Tenn., for defendants-appellants.

William A. Bomar, Oak Ridge, Tenn., for plaintiff-appellee.

---

Before WEICK and LIVELY, Circuit Judges, and RUBIN *, District Judge.

PER CURIAM.

This is an appeal from a determination by the district court that plaintiff-appellee had complied with the requirements of Tennessee Code Annotated 50–1001 in notifying defendant-appellant of an injury for which plaintiff-appellee was covered under the applicable Tennessee Workmen's Compensation law.[1]

Upon consideration of the evidence presented, the trial court determined that a reasonable excuse for failure to give the requisite notice under T.C.A. § 50–1001 had been established. A reasonable excuse for failure to do anything must be determined on a case-by-case basis and must in the final analysis be a matter entrusted to the sound discretion of the trial court. Aluminum Company of America v. Rogers, 211 Tenn. 187, 364 S.W.2d 358.

A review of the briefs herein together with those portions of the record included discloses no determination by the trial court which is clearly erroneous (Rule 52, Fed.R.Civ.P.). To the contrary, there appears ample evidence upon which the trial court's determination could be based.

Accordingly, the judgment of the district court is hereby affirmed.

* The Honorable Carl B. Rubin, United States District Judge for the Southern District of Ohio, sitting by designation.

1. Precise statute may be found in the brief of Plaintiff-Appellee.

T.C.A. 50–1001. *Notice of injury and claim for compensation.*—Every injured employee or his representative shall, immediately upon the occurrence of an injury, or as soon thereafter as is reasonable and practicable, give or cause to be given to the employer who has not actual notice, written notice of the injury, and the employee shall not be entitled to physician's fees nor to any compensation which may have accrued under the provisions of the Workmen's Compensation Law from the date of the accident to the giving of such notice, unless it can be shown that the employer had actual knowl-

edge of the accident; and no compensation shall be payable under the provisions of this law unless such written notice is given the employer within thirty (30) days after the occurrence of the accident, unless reasonable excuse for failure to give such notice is made to the satisfaction of the tribunal to which the claim for compensation may be presented.

T.C.A. § 50–918. *Equitable construction to secure remedial purposes of law.*—The rule of common law requiring strict construction of statutes in derogation of common law shall not be applicable to the provisions of the Workmen's Compensation Law, but the same is declared to be a remedial statute which shall be given an equitable construction by the courts to the end that the objects and purposes of this law may be realized and attained.